# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CLOUD, | Case No.: 1:19-cv-00944-SKO (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION |
| v. | |
| | [THIRTY DAY DEADLINE] |
| NINTH CIRCUIT DISTRICT COURT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a preliminary screening of the petition, it appears that the petition is unexhausted, fails to name a proper respondent and fails to present any cognizable grounds for relief. Therefore, the petition will be DISMISSED with leave to file a First Amended Petition.

## I.    PROCEDURAL HISTORY

On September 13, 2018, Petitioner was convicted in the Stanislaus County Superior Court of trespassing and possession of a controlled substance within a jail facility. (Doc. 2 at 2.) On October 12, 2018, he was sentenced to an aggregate term of 6 years. (Doc. 2 at 76.) Petitioner indicates he appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and the appeal is currently pending. (Doc. 2 at 4.)

1

It appears Petitioner has also sought habeas relief in the state courts. He states he filed a habeas petition in the Fifth DCA. According to the exhibits he attached to the petition, the habeas petition was denied without prejudice as procedurally defective in that Petitioner had failed to show that he filed an adequate petition in the superior court prior to filing the petition in the appellate court. (Doc. 2 at 75.) Petitioner indicates he filed a habeas petition in the California Supreme Court and the petition was denied on an unknown date. (Doc. 2 at 5.)

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

In this case, Petitioner claims that he was illegally searched pursuant to a false arrest. According to his statement of the claim and the exhibits attached to the petition, Petitioner entered a donut shop in Patterson, California, on December 4, 2017. (Doc. 2 at 34.) He ran under the counter and to the back of the store and refused to leave. (Doc. 2 at 34.) The police were summoned and Petitioner was arrested for trespassing. (Doc. 2 at 34.) Petitioner was transported to the Stanislaus County Jail. (Doc. 2 at 35.) Petitioner was advised of his rights and asked if he had any drugs or drug paraphernalia on his person. (Doc. 2 at 35.) He denied possessing any drugs. (Doc. 2 at 35.) He was advised that it was a felony to possess drugs in a jail facility and again asked if he had drugs on his person; he assured officers he did not. (Doc. 2 at 35.) Once at the facility, Petitioner was searched and methamphetamine was discovered in a folded dollar bill in his pocket. (Doc. 2 at 35.)

Petitioner claims he was falsely arrested for trespassing, but he fails to state any basis for this claim which is entirely conclusory. Petitioner also claims the search conducted at the jail facility was illegal, but he again fails to state the reasoning behind his claim. Thus, he fails to state a cognizable claim for relief. Moreover, he fails to allege a violation of the Constitution or Federal law. For these reasons, the petition must be dismissed; however, Petitioner will be provided an opportunity to file an amended petition.

C. Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner indicates his direct appeal is pending in the Fifth DCA. Although he states he filed a habeas petition in the California Supreme Court, he fails to state what claims he presented, and it appears the petition may have been dismissed as procedurally defective. If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982). Petitioner will be granted an opportunity to demonstrate exhaustion of his state remedies.

D. Proper Respondent

Petitioner names the "Ninth Circuit District Court" as Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by filing an amended petition. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

## III. ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend;
2) Petitioner is GRANTED thirty (30) days from the date of service of this Order to file a First Amended Petition. Petitioner is advised that he must reference the case number for this action in his First Amended Petition. Petitioner is further advised that failure to comply with this Order will result in a recommendation that the petition be DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: **July 26, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE