# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CLOUD,<br><br>       Petitioner,<br><br>      v.<br><br>NINTH CIRCUIT DISTRICT COURT,<br><br>       Respondent. | Case No. 1:19-cv-00944-SKO-HC<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE<br><br>[10-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 17, 2019, Petitioner filed a federal habeas petition in the Ninth Circuit Court of Appeals. (Doc. 2.) The petition was transferred to the Sacramento Division of the Eastern District of California on July 2, 2019, and then transferred again to the Fresno Division on July 11, 2019. (Docs. 1, 5.) After conducting a preliminary review of the petition, on July 29, 2019, the Court found that Petitioner had failed to name a proper respondent and failed to present any cognizable grounds for relief. (Doc. 8.) Accordingly, the Court dismissed the petition with leave to file a first amended petition.

On August 19, 2019, Petitioner filed a notice of voluntary dismissal. (Doc. 10.) Petitioner seeks to exhaust his remedies in the appropriate court. He also requests that his documents be returned. Respondent has not yet filed an answer to the petition.

1

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, "the [petitioner] may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

In this case, Respondent has not yet filed an answer or other responsive pleading. Therefore, under Rule 41(a)(1), the petition must be dismissed without prejudice. The Court expresses no opinion with respect to the timeliness of the instant petition or any future petition. Nevertheless, Petitioner is advised that there is a one-year statute of limitations period governing the filing of federal habeas petitions which commences upon the conclusion of direct review. 28 U.S.C. § 2244(d). The statute may be tolled while Petitioner seeks relief in the state courts, see 28 U.S.C. § 2244(d)(2), but it is not tolled for the time a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be dismissed without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within

1 the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
2 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **September 2, 2019**                    /s/ *Sheila K. Oberto*                    
                                                    UNITED STATES MAGISTRATE JUDGE